FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

97 JUN 13 PM 3: 23

U.S. DISTRICT COURT
N.D. OF ALABAMA

JAMES LEE WHITT, )
)
    Petitioner, )
)
vs. ) Case No. CV 96-TMP-3073-E
)
WARDEN J.L. SIVLEY, )
)
    Respondent. )

ENTERED

JUN 1 3 1997

## MEMORANDUM OF OPINION

    This is an action for habeas corpus relief under 28 U.S.C. § 2241, in which the petitioner alleges that he has been unconstitutionally denied the benefits of an early release program established by Section 32001 of the 1994 Violent Crime Control and Law Enforcement Act.  Under that provision, federal inmates who complete a residential substance abuse treatment program may be eligible for early release from their sentences by up to 12 months, unless the director of the Bureau of Prisons determines that the inmate's current sentence is for a "crime of violence" as defined in 18 U.S.C. § 924(c)(3).  Petitioner was denied early release under the program because part of his current sentence is for a conviction for being a felon in the possession of a firearm in violation of 18 U.S.C. § 922(g).

    The magistrate judge filed his report and recommendation in the above-styled cause on February 14, 1997, finding alternatively that the petition was due to be dismissed without prejudice due to petitioner's failure to exhaust available administrative remedies, or dismissed with prejudice because the claim is

meritless in any event. The magistrate judge concluded on the latter ground that the BOP's characterization of offenses under § 922(g) as a crime of violence was not arbitrary or irrational and was due deference from the court insofar as the court reviewed the fairness of the BOP's early release program. The petitioner filed his response in the nature of objections to the report and recommendation on February 25, 1997. On that same day, petitioner also filed a motion to amend his § 2241 petition to assert affirmatively that he has now exhausted all administrative remedies available to him. In a modification of his report and recommendation filed April 14, 1997, the magistrate judge essentially granted the petitioner's motion to amend but concluded nonetheless that the petition was due to be dismissed with prejudice because of the lack of merit of the claim as explained in the original report and recommendation. Neither party has filed any objections to the report and recommendation as modified.

Having now carefully reviewed and considered _de novo_ all the materials in the court file, the court concludes the report and recommendation as modified is due to be and hereby is ADOPTED and ACCEPTED. the court agrees with the magistrate judge that petitioner is not entitled to relief under § 2241 arising from the BOP's decision to deny him the benefits of the early release program due to his conviction under 18 U.S.C. § 922(g). As noted by the magistrate judge, the Supreme Court's decision in _Stinson v. United States_, 508 U.S. 36, 113 S.Ct. 1913, 123 L.Ed. 2d 598 (1993), stands for the essential proposition that a federal

2

agency's interpretation of its own regulations must be given deference "unless it is plainly erroneous or inconsistent with the regulation." Here, of course, the regulations at issue are those promulgated by the BOP for the operation of its early release program. Under those regulations, an inmate convicted of a "crime of violence" is not entitled to early release notwithstanding the fact that he may have successfully completed the residential substance abuse program. Interpreting its own regulations, the BOP has concluded that the category of offenses included within the term "crime of violence" includes the offense of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). That interpretation of its own regulation is entitled to deference by this court unless it is plainly erroneous or inconsistent with the regulation itself. Certainly, the conclusion that a felon in possession of a firearm carries a potential for violence and danger sufficiently establishes that the interpretation of the regulations to treat the offense as a crime of violence is not plainly erroneous or inconsistent with the regulation. Consequently, petitioner is not entitled to benefits of the early release program.

By separate order, the court will deny and dismiss with prejudice the petition for writ of habeas corpus in this action.

DATED this 12th day of June, 1997.

SHARON LOVELACE BLACKBURN
U.S. DISTRICT JUDGE